UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FIRST MERIT BANK,

        Plaintiff,                        Case No. 15-cv-13548

v                                      Honorable Thomas L. Ludington

J&B PRODUCTS, LTD., et al.,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES, COSTS, AND EXPENSES, AWARDING PLAINTIFF ATTORNEYS' FEES, COSTS, AND EXPENSES IN THE AMOUNT OF $61,625.21, AND <u>DIRECTING PLAINTIFF TO SUBMIT PROPOSED JUDGMENT</u>**

Plaintiff First Merit Bank initiated the present action by filing its complaint against Defendant J&B Products, Ltd. ("J&B"), and Defendant Joseph Bommarito on October 8, 2015. *See* Compl., ECF No. 1. Plaintiff alleged that, by defaulting on three loan agreements, Defendants were in breach of various guarantees and promissory notes. *Id*. Plaintiff therefore sought repayment of all outstanding loan obligations ($415,526.46 at the time the complaint was filed) and attorneys' fees.

After the close of discovery, on July 27, 2016 Plaintiff moved for summary judgment on Counts II, III, and IV of Plaintiff's complaint. *See* ECF No. 16. On October 27, 2016 Plaintiff's motion for summary judgment on Counts II, III, and IV was granted. Because there was no dispute that Loan No. 1 has been paid, Count 1 of Plaintiff's complaint was dismissed as moot. Judgment was not immediately entered in favor of Plaintiff, but instead the parties were directed to submit supplemental briefs addressing any unresolved issues regarding attorneys' fees. Those briefs have now been received.

I.

A.

Federal Rule of Civil Procedure 54(d) governs the payment of attorneys' fees. Under that rule, "a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Rule 54(d)(2)(A). Such a motion must "be filed no later than 14 days after the entry of judgment" unless a statute or the court orders otherwise. Rule 54(d)(2)(b).

Defendant argues that Plaintiff must use the procedure outlined in Rule 54(d)(2) to obtain its attorney's fees. The parties' promissory notes contain provisions governing the payment of attorneys' fees, providing as follows:

> **ATTORYNEYS' FEES; EXPENSES**: Lender may hire or pay someone else to help collect this note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

*See* Promissory Note p. 1, ECF No. 25 Ex 2. Through this provision, attorneys' fees are an element of damages that would need to be proven at trial. Therefore Plaintiff is not required to use the procedure outlined in Rule 54(d)(2).

B.

Having determined that consideration of attorneys' fees is appropriate at this stage, the next issue is whether the fees sought by Plaintiff's counsel are reasonable. The burden of proving that requested fees are reasonable rests with the party requesting them. *Smith v. Khouri*, 481 Mich. 519, 528 (2008). The process by which reasonable attorney fees are calculated and awarded under Michigan law proceeds in three steps. First, the court must determine the "fee

customarily charged in the locality for similar legal services." *Id* at 530. Second, the court must determine the reasonable number of hours expended by each attorney." *Id.* (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (explaining that excessive, unnecessary, or redundant hours should be excluded from the attorney fees computation). Third and finally, the court must multiply the two numbers to create a "baseline figure." *Smith*, 481 Mich. at 533. At that point, the court "should consider . . . other factors and determine whether they support an increase or decrease in the base number." *Id.* Those factors are as follows:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services, (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, (3) the amount in question and the results obtained, (4) the expenses incurred, (5) the nature and length of the professional relationship with the client, (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer, (7) the time limitations imposed by the client or by the circumstances, and (8) whether the fee is fixed or contingent.

*Pirgu v. United Servs. Auto. Ass'n*, 499 Mich. 269, 282 (2016).

Defendants do not object to Plaintiff's proposed hourly rate of $195.00, conceding that the rate is reasonable for the market and for Plaintiff's attorneys' credentials. Plaintiff also does not request any upward adjustment of the fees. Therefore, the only issue before this Court is whether Plaintiff's counsel spent a reasonable amount of time on this case. Defendants argue that the case was not complex, and that defense counsel only charged $40,069.50. Defendants further argue that certain billing entries by plaintiffs' counsel lack detail or specificity.

In *Smith*, the Michigan Supreme Court indicated that excessive, redundant or unnecessary hours should be excluded. *Id.* at 523 n.17. *See also Van Elslander*, 297 Mich. App. at 239. However, the "essential goal in [awarding reasonable fees] is to do rough justice, not to achieve auditing perfection*." Fox v. Vice*, 563 U.S. 826, 838 (2011). Plaintiff has provided complete and

thorough billing statements, substantiated by affidavits of counsel. The bills are sufficiently detailed for this Court's review.

Plaintiff's billing statement show that Attorney JAA devoted 207.45 hours to the case, Attorney SMW devoted 80.9 hours to the case, and Attorney JPM spent 1.4 hours on this case. *See* ECF No. 25 Ex. 4. The billing statements further show an additional 8.7 hours in preparing the supplemental briefs regarding attorneys' fees, but does not identify the specific attorney that performed the work. Altogether, Plaintiff's attorneys spent 298.45 hours on this matter. Multiplying this figure by $195.00 (the agreed upon reasonable rate) results in a total of $58,189.75 in attorney's fees.

Aside from generally arguing that the billing statements are not sufficiently specific, Defendants have not pointed the Court to any excessive, redundant, or unnecessary hours incurred by Plaintiff's counsel. Nor does a review of the billing statements by this Court suggest any excessive or redundant hours. Finally, there is no rule of law holding that attorneys' fees for one party are capped at the attorneys' fees incurred by the other party. In the present case Plaintiff's counsel not only filed the complaint and prosecuted its case to the close, but also prepared and briefed dispositive motions. It is therefore unsurprising, and even appropriate, that Plaintiff's counsel incurred greater fees

The billing statements further show that Plaintiff's counsel incurred $3,427.46 is costs and expenses. These costs and expenses are authorized under the parties' promissory notes, which specifically provides for the payment of the lender's legal expenses and court costs. *See* Promissory Note p. 1, ECF No. 25 Ex 2. Defendants have not identified any rule of law that prohibits the award of such costs and expenses, and so they will be awarded at this time.

Adding the attorneys' fees together with the costs and expenses results in a total of $61,625.21. Because this amount is reasonable it will be awarded to Plaintiff at this time. Plaintiff will be directed to submit a proposed judgment (via the CM/ECF Utilities function) including the amount of all outstanding loan obligations and attorneys' fees and expenses that is consistent with this order and the order addressing Plaintiff's motion for summary judgment entered on October 27, 2016. *See* ECF No. 24.

## II.

Accordingly, it is **ORDERED** that Plaintiff's request for attorneys' fees, costs, and expenses in the amount of $61,625.21 is **GRANTED.**

It is further **ORDERED** that Plaintiff is **AWARDED** attorneys' fees, costs, and expenses in the amount of **$61,625.21.**

It is further **ORDERED** that Plaintiff is directed to **SUBMIT** a proposed judgment consistent with both this order and the order addressing Plaintiff's motion for summary judgment entered on October 27, 2016.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: December 21, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 21, 2016.

                        s/Michael A. Sian
                        MICHAEL A. SIAN, Case Manager